UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLARD WILL BEE LAWSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-852-JTM-AZ |
| DREW HAHN, LaPORTE CITY OF, and J. HOLT, | |
| Defendants. | |

OPINION and ORDER

Willard Will Bee Lawson, a prisoner without a lawyer, filed a complaint about the conditions he faced during a five-month period in the LaPorte County Jail from May 2024 through October 2024. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson alleges the LaPorte County Jail was unsanitary due to an infestation of gnats or fruit flies. He says there were swarms of those flies in every block of the jail, including the kitchen. They started in the bathrooms, covering the shower curtains and

walls. He says there are 50-100 flies around the shower at any given time. Every time he went to take a shower, a swarm of flies would take off but then return right away.

The flies spread to the cells and got into the food trays, drinks, clothing, bedding, and other places. Lawson objects to having to swat flies every time he went in and out of his cell and before eating food. Lawson believes these insects carry diseases and argues the presence of these insects violates his constitutional rights. Lawson alleges the City of LaPorte is responsible because it allowed this to happen and did not remedy the situation. He holds Lieutenant J. Holt and Lieutenant Drew Hahn responsible because they also did not remedy the situation.

As a pretrial detainee, Lawson is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if, as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Pest infestations, like the one alleged here, can become a constitutional violation if they present a substantial risk of harm to the inmate by, for example, raising sanitation concerns or physically harming the inmate. *See, e.g., Smith v.*

2

*Dart*, 803 F.3d 304, 312 (7th Cir. 2015). The court will assume at the screening stage that the flies presented a substantial risk of harm to Lawson.

Nonetheless, Lawson does not identify a defendant who could be held responsible for the infestation. For a defendant to be held liable, he must have some personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Here, Lawson sues two lieutenants at the jail and the City of LaPorte. The City of LaPorte has no control over a jail run by LaPorte County and therefore is not a proper

3

defendant. As for the lieutenants, Lawson does not explain the basis for holding them liable. He does not say whether they were aware of the fly infestation or whether their role at the jail tasked them with remedying such a problem. Instead, it seems he is suing them because they hold high-level positions at the jail. Supervisors cannot be held liable just because their subordinates may have violated the constitution. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). To be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There are no allegations that allow a claim to proceed against these defendants.

In addition, Lawson complains that he was forced to share a two-man cell with three people. He complains one person (he does not say whether it was him) had to sleep on the floor, just inches in front of the toilet. Anytime someone else used the toilet, the person on the floor would get urine on him. He alleges this also violated his constitutional rights.

Overcrowding, on its own, does not state a constitutional claim. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Likewise, sleeping on a mat on the floor, rather than on an elevated bed, does not, by itself, constitute a constitutional violation. *See Randle v. Gladieux,* No. 1-21-CV-425-HAB-SLC, 2022 U.S. Dist. LEXIS 26855

4

at *3-4 (N.D. Ind. Feb 15, 2022) ("[S]leeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities."); *Rodmaker v. Krienhop*, No. 4:14-CV-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress."). Lawson does not say how long he was housed with an extra person in a two-man cell or whether <u>he</u> was the person on the floor. Nor does he say how often an occupant of the cell would urinate while someone was lying on the floor or how the two lieutenants he names as defendants were personally involved in the situation.

This complaint does not state a claim for which relief can be granted. If Lawson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Willard Will Bee Lawson until **November 10, 2025**, to file an amended complaint; and

5

(2) **CAUTIONS** Willard Will Bee Lawson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: October 7, 2025

                                             s/James T. Moody
                                             JUDGE JAMES T. MOODY
                                             UNITED STATES DISTRICT COURT