UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLARD WILL BEE LAWSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-852-JTM-AZ |
| DREW HAHN, J. HOLT, WILLIAM HEEG, | |
| Defendants. | |

OPINION and ORDER

Willard Will Bee Lawson, a prisoner without a lawyer, filed an amended complaint about the conditions of confinement he faced for five months at the LaPorte County Jail (DE # 19), after the court screened his original complaint and determined it did not state a claim. (DE # 18.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson alleges that while he was detained at the LaPorte County Jail from May through December 2024, he was forced to live with a gnat or fruit fly infestation. He says swarms of gnats were present in every cell block, the kitchen, the showers, and the

toilets. Although trustees would clean the showers once a week, the cleaning had little to no effect on the gnats, and no other steps, like spraying, were taken to control the gnats. He alleges the swarms in the shower area were made up of 50-100 gnats within a 5-foot radius, and the cells had approximately 10-25 gnats in them at all times. He complains the gnats would get into the food trays, drinks, bedding, and clothing. He believes the gnat infestation was out of control and posed serious health risks.

The court assumed in the previous screening order that the alleged gnat infestation presented a substantial risk of harm to Lawson and therefore rose to the level of a constitutional violation under the Fourteenth Amendment. (DE # 18 at 2-3.) Under the Fourteenth Amendment, a pretrial detainee is protected from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if, as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Pest infestations, like the one alleged here, can become a constitutional violation if they present a substantial risk of harm to the inmate, by, for example, raising sanitation concerns or physically harming the inmate. *See, e.g., Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015).

However, the claim could not proceed because Lawson had not identified a defendant who had the personal responsibility necessary to be held liable. For a defendant to be held liable, he must have some personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

In the amended complaint, Lawson clarifies that Lieutenant Drew Hahn is tasked with maintaining the jail and keeping up with the daily workings of the jail. The court can reasonably infer that Lieutenant Hahn would have the necessary involvement in the

daily upkeep that he would be aware of the gnat infestation and have the authority to take action to remedy it. Lawson may proceed against him.

However, Lawson does not describe the duties of Sheriff William Heeg or Lieutenant J. Holt in the amended complaint. The only basis alleged in the complaint to hold them responsible is their supervisory positions at the jail, which is not enough. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (no general respondeat superior liability under 42 U.S.C. § 1983).

Lawson also raises claims concerning overcrowding at the LaPorte County Jail. He says that each cell had an extra inmate who had to sleep on the floor near the toilet, which put that inmate at risk of being urinated on every time an inmate uses the toilet. In the previous screening order, the court noted that overcrowding, on its own, does not state a constitutional claim. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Instead, the court had to look to how Lawson was personally affected by the overcrowded conditions and evaluate whether he, personally, was deprived of a

4

constitutional right as a result. (DE # 19 at 4-5.) In the amended complaint, Lawson does not explain how having a person on the floor in his cell affected him, personally. This does not state a claim for relief.

For these reasons, the court:

(1) GRANTS Willard Will Bee Lawson leave to proceed against Lieutenant Drew Hahn in his individual capacity for compensatory and punitive damages for failing to take reasonable measures to address the gnat or fruit fly infestation at the LaPorte County Jail from March 2024 through December 2024 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Holt, William Heeg;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Drew Hahn at the LaPorte County Jail, with a copy of this order and the complaint (DE # 19);

(5) ORDERS the LaPorte County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Drew Hahn to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: February 2, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT